UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN MCBRIDE,

        Plaintiff,

v.                                                                          CASE NO. 3:26-cv-801-MMH-SJH

J.P. MORGAN CHASE, et al.,

        Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on review of Plaintiff's Complaint for a Civil Case ("Complaint"). Doc. 1.

### I.      Background

Plaintiff, proceeding *pro se*, filed the Complaint against J.P. Morgan Chase ("Chase"), Joshua Webb ("Webb"), Courtney Keller ("Keller"), and Savannah Young ("Young"). *Id.* Plaintiff also sought leave to proceed *in forma pauperis* ("IFP"). Doc. 2. On April 29, 2026, the court entered an Order allowing Plaintiff to proceed IFP and staying the service-of-process provision in 28 U.S.C. § 1915(d) and the service-of-process period in Fed. R. Civ. P. 4(m), pending further Order following review of the Complaint under 28 U.S.C. § 1915(e). Doc. 3.

### II.     Standard

The Court is obligated to review the Complaint and to dismiss it if the Court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Brown v. Hall*, No. 3:23-cv-537-BJD-LLL, 2023 WL 5069482, at *1 (M.D. Fla. May 16, 2023).

A pleading stating "a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction …; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought …." Fed. R. Civ. P. 8(a). In addition, a party must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

In considering whether a party has sufficiently stated a claim under § 1915(e)(2)(B)(ii), the same standards applicable under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule(s)") apply. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Rule 8(a) demands "more than an unadorned, the defendant unlawfully harmed me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570. Courts accept "all factual

allegations in the complaint as true" but "need not apply this rule to legal conclusions." *Anthony v. Am. Gen. Fin. Servs., Inc.*, 626 F.3d 1318, 1321 (11th Cir. 2010).[1]

Though *pro se* pleadings are construed liberally: (i) such liberal construction does not permit a court "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"; and (ii) *pro se* litigants must "comply with the rules of procedure." *LaCroix v. W. Dist. of Ky*, 627 F. App'x 816, 818 (11th Cir. 2015);[2] *Carvel v. Godley*, 404 F. App'x 359, 361 (11th Cir. 2010).

### III.   Plaintiff's Allegations

Applying the foregoing standard,[3] Plaintiff alleges as follows:

Plaintiff was party to an arbitration case against Chase based on allegations of fraudulent activity on Plaintiff's checking account ("Arbitration"). Doc. 1, Statement of Facts, at ¶¶ 2, 3–4. Keller and Young are attorneys who represented Chase in the Arbitration. *Id.* at ¶ 2. On December 6, 2024, Chase offered through its attorneys to settle the Arbitration for $3,000, which Plaintiff accepted. *Id.* at ¶¶ 4–4-a. The

---

[1] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *see also Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007). And "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus.*, 496 F.3d at 1206; *see also Marquez v. Amazon.com, Inc.*, 69 F.4th 1262, 1269 (11th Cir. 2023); *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009).

[2] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

[3] Given the standard of review, these may not be the actual facts, or the facts for other purposes.

Arbitration was closed the following day. *Id.* at ¶ 4-b. Following some communications about the status of the settlement, on December 18, 2024, Young emailed Plaintiff a "revised" settlement agreement, which included a provision conditioning payment on Plaintiff providing a W-9 tax form. *Id.* at ¶¶ 5–5-b.[4] Plaintiff objected to this provision, but Chase insisted on it and made clear that it would not pay Plaintiff until he agreed to provide a W-9 form. *Id.* at ¶¶ 5-c–5-e, 8-b. After months of wrangling over the W-9, Webb was retained to represent Keller and Young; Webb reiterated that Plaintiff would not receive any settlement check until he agreed to the W-9 provision. *Id.* at ¶¶ 2-a, 6–6-a.

On March 19, 2025, one week after Webb entered the picture, Chase sent the $3,000 settlement check to Webb, who delivered it to Plaintiff on April 2, 2025. *Id.* at ¶¶ 6-b–6-c. Plaintiff is black; Keller, Young, and Webb are white (and Chase is "controlled by" white persons). *Id.* at ¶¶ 1–1-c. The release agreement resolving the Arbitration is attached as Exhibit "C" to the Complaint ("Agreement"). *See id.* at ¶ 3; Doc. 1-1 at 10–13.[5] It does not specify a time for payment but makes clear that payment is "subject to and conditioned upon Chase's receipt of this Release signed by [Plaintiff] and a current, properly executed IRS W-9 form signed by" Plaintiff. Doc. 1-1 at 10.

---

[4] Though the pleading describes the "revised" settlement agreement, it does not describe or attach any prior draft(s) of the agreement.

[5] The date Plaintiff signed the Agreement is not entirely legible from the copy attached to the Complaint, but it appears to have been in December 2024. *See* Doc. 1-1 at 13.

## IV.   Applicable Law

Plaintiff alleges three claims: discrimination under 42 U.S.C. § 1982 ("§ 1982"), discrimination under 42 U.S.C. § 1981 ("§ 1981"), and retaliation under § 1981. Doc. 1 at 9–10.

To state a discrimination claim under either § 1981 or § 1982, a plaintiff must plausibly allege, among other things, that the defendant intentionally subjected the plaintiff to racial discrimination. *See Humphrey v. United Parcel Serv.*, 200 F. App'x 950, 952 (11th Cir. 2006) ("For a successful claim under § 1981, [the plaintiff] was required to demonstrate that [the defendants] intentionally discriminated against him because of his minority status with regard to certain enumerated activities. Similarly, for a § 1982 claim, [he] was required to demonstrate that he was deprived of his property interest because of an intentional act based on racial animus." (internal citations omitted)); *see also Woods v. Nat'l Ass'n of Realtors*, No. 5:26-cv-13-JSS-PRL, 2026 WL 445041, at *6 (M.D. Fla. Feb. 17, 2026). Under § 1981, a plaintiff must also allege that "the discrimination concerned one or more of the activities enumerated in" § 1981, which include the right "to make and enforce contracts[.]" *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1309 (11th Cir. 2010); *see also* 42 U.S.C. § 1981. Under § 1982, a plaintiff must also allege that the discrimination interfered with the plaintiff's rights or benefits connected with the ownership of his property. *See Woods*, 2026 WL 445041, at *6; *see also* 42 U.S.C. § 1982.  Thus, § 1981 and § 1982 are similar, with the former focusing on rights to make and enforce contracts and the latter on rights related to the ownership of property. *See CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 446 (2008);

*Woods*, 2026 WL 445041, at *6. "To state a retaliation claim under § 1981, a plaintiff must allege a defendant retaliated against him because the plaintiff engaged in statutorily protected activity. As with other statutory retaliation claims, such a claim under § 1981 requires that the protected activity involve the assertion of rights encompassed by the statute." *Jimenez*, 596 F.3d at 1311 (internal citations omitted).

## V.      Discussion

Even liberally construed, Plaintiff fails to plausibly state a claim for relief. His allegations of discrimination and retaliation are wholly conclusory and insufficient. *See Jackson v. BellSouth Telecommunications,* 372 F.3d 1250, 1270–74 (11th Cir. 2004); *Woods*, 2026 WL 445041, at *6.

In addition, Plaintiff does not plausibly alleged any statutorily protected conduct or interference with any contractual or property rights. Rather, as discussed, the crux of Plaintiff's Complaint is that the payment of settlement proceeds was conditioned on his providing a W-9 form.[6] But the Agreement Plaintiff signed and attached to the Complaint expressly conditions the settlement payment on his providing a W-9 form. That provision is valid and enforceable, and there is nothing improper about insisting on its inclusion in the Agreement and/or insisting on compliance with it as a condition to payment. *See Christopher v. Santander Consumer USA Inc.*, No. 3:23-cv-1608-JAH-DEB, 2025 WL 3251573, at *2 (S.D. Cal. Nov. 21,

---

[6] It is not entirely clear whether Plaintiff takes issue with the insistence that a W-9 provision be included in the Agreement or the enforcement of that provision before payment. Regardless, as set forth herein, his allegations are insufficient.

2025) ("Defendant's request for Plaintiff's W-9 tax form is not frivolous or harassing, but instead clearly <u>reasonable</u>. Plaintiff is incorrect in his argument that Defendant has violated law, or engaged in 'bad faith and unmerited requests' when the Defendant requires Plaintiff to provide his W-9 tax form as a condition of settlement."); *see also Ramos v. Dep't of Corr.*, No. 3:15-cv-1444-VAB, 2018 WL 1368905, at *4 (D. Conn. Mar. 16, 2018); *Watson v. Bank of Am. Corp.*, No. 13-cv-81137, 2015 WL 5011947, at *5 (S.D. Fla. Aug. 21, 2015), *report and recommendation adopted*, 2015 WL 13776954 (S.D. Fla. Sept. 22, 2015).[7]

## VI.    Conclusion

For the foregoing reasons, Plaintiff's Complaint is deficient. Plaintiff will be given an opportunity to file an amended pleading curing the deficiencies described above, if possible.[8]   Plaintiff should note that an amended complaint will supersede

---

[7] Indeed, such provisions are routine and flow from federal tax requirements—and even where they are not expressly included in an agreement, courts may in certain circumstances imply such a provision, *see Floyd v. Saber Fitness Hegenberger, LLC*, No. 24-cv-1278-TSH, 2026 WL 523406, at *1 (N.D. Cal. Feb. 25, 2026), or find compliant a payment made subject to backup withholding, *see Escano v. Innovative Fin. Partners, LLC*, No. 23-cv-277 MLG/GJF, 2024 WL 243558, at *5 (D.N.M. Jan. 23, 2024), *report and recommendation adopted*, 2024 WL 943958 (D.N.M. Mar. 5, 2024); *Childers v. Receivables Performance Mgmt. LLC*, No. 13-cv-697JLR, 2013 WL 1944511, at *1–3 (W.D. Wash. May 9, 2013).

[8] Before preparing any amended complaint and any future filings, Plaintiff may wish to visit the Court's website (www.flmd.uscourts.gov). Under the tab titled "For Litigants," there is a section titled "Litigants without Lawyers." In this section, there are resources available to *pro se* parties, including link to a Handbook called "Guide for Proceeding Without A Lawyer." The Court's website also contains links to civil forms for *pro se* parties, including for asserting a complaint, at the following hyperlink: www.flmd.uscourts.gov/forms/all/litigants-without-lawyers-forms. Plaintiff may also wish to consider consulting with a legal aid organization that offers free services. For example, the Jacksonville Federal Court Bar Association operates a Legal Information Program through which *pro se* litigants may meet with a lawyer for free to ask general questions about

the Complaint and become the operative pleading. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Thus, his amended complaint must be complete and must include all related claims he wishes to pursue, as well as all facts in support and relief sought, in a single submission. If Plaintiff fails to file an amended complaint in compliance with this Order and all applicable rules and law, the undersigned will likely recommend that the District Judge dismiss this case.

Accordingly, it is **ordered**:

1.     On or before **May 20, 2026**, Plaintiff shall file an amended complaint in compliance with this Order and all applicable rules and law.

2.     Plaintiff's failure to do so will likely result in a recommendation that this action be dismissed.

**DONE AND ORDERED** in Jacksonville, Florida, on April 29, 2026.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

*Pro Se* Plaintiff

---

procedures governing cases in federal court. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.