UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN MCBRIDE,

       Plaintiff,

v.                                      CASE NO. 3:26-cv-801-MMH-SJH

J.P. MORGAN CHASE, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed a Complaint for a Civil Case ("Complaint"), against J.P. Morgan Chase ("Chase"), Joshua Webb ("Webb"), Courtney Keller ("Keller"), and Savannah Young ("Young"). Doc. 1. Plaintiff also sought leave to proceed *in forma pauperis* ("IFP"). Doc. 2. The Court entered an Order allowing Plaintiff to proceed IFP and staying the service-of-process provision in 28 U.S.C. § 1915(d) and the service-of-process period in Fed. R. Civ. P. 4(m), pending further Order following review of the Complaint under 28 U.S.C. § 1915(e). Doc. 3.

On review of the Complaint, on April 29, 2026, the Court then entered an Order ("Prior Order") finding the Complaint deficient and giving Plaintiff an opportunity to file an amended pleading, directing Plaintiff to file an amended complaint by May 20, 2026. Doc. 4. On May 19, 2026, Plaintiff filed an Amended Complaint for a Civil Case ("Amended Complaint"). Doc. 6. As such, the Amended Complaint is the operative pleading. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025); *Malowney*

*v. Federal Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); *see also* Doc. 4 at 7–8; Doc. 7. For the reasons herein, because the Amended Complaint fails to state a claim on which relief may be granted, the undersigned respectfully recommends that this case be dismissed.

## I. Standard

The Court is obligated to review the Amended Complaint and to dismiss it if the Court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Brown v. Hall*, No. 3:23-cv-537-BJD-LLL, 2023 WL 5069482, at *1 (M.D. Fla. May 16, 2023).

In considering whether a party has sufficiently stated a claim under § 1915(e)(2)(B)(ii), the same standards applicable under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule(s)") apply. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Rule 8(a) demands "more than an unadorned, the defendant unlawfully harmed me

2

accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570.

Courts accept "all factual allegations in the complaint as true" but "need not apply this rule to legal conclusions." *Anthony v. Am. Gen. Fin. Servs., Inc.*, 626 F.3d 1318, 1321 (11th Cir. 2010). Thus, "a court is not required to credit 'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts.'" *Warren Tech., Inc. v. UL LLC*, 962 F.3d 1324, 1328 (11th Cir. 2020) (citation omitted); *see also M.H. On behalf of C.H. v. Omegle.com LLC*, 122 F.4th 1266, 1270 (11th Cir. 2024). The duty to make inferences in favor of the plaintiff extends only to "reasonable inferences" and does not require that courts "draw plaintiff's inference." *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449, 452–53 & n.2 (2012); *see also Patton v. Carnival Corp.*, No. 22-13806, 2024 WL 1886504, at *3 (11th Cir. Apr. 30, 2024).[1] "And when determining whether the complaint crosses 'the line between possibility and plausibility of entitlement to relief,' 'courts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to

---

[1] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289–90 (11th Cir. 2000); 11th Cir. R. 36-2.

infer[.]'" *Doe v. Samford Univ.*, 29 F.4th 675, 686 (11th Cir. 2022) (citations omitted); *see also Patton*, 2024 WL 1886504, at *2.[2]

*Pro se* pleadings are construed liberally and held to a less stringent standard than is applied to pleadings drafted by lawyers, but courts "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020); *see also LaCroix v. W. Dist. of Ky*, 627 F. App'x 816, 818 (11th Cir. 2015).

## II.    Plaintiff's Allegations

Applying the foregoing standard,[3] Plaintiff alleges as follows:

Plaintiff was party to an arbitration case against Chase based on allegations of fraudulent activity on Plaintiff's checking account ("Arbitration"). Doc. 6, Amended Statement of Facts, at ¶¶ 3–4. Keller and Young are attorneys who represented Chase in the Arbitration. *Id.* at ¶ 2. On December 6, 2024, Chase offered through its attorneys to settle the Arbitration for $3,000, which Plaintiff accepted. *Id.* at ¶¶ 4–4-a. The Arbitration was closed the following day. *Id.* at ¶ 4-b. Following some communications about the status of the settlement, on December 18, 2024, Young

---

[2] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *see also Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007). And "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus.*, 496 F.3d at 1206; *see also Marquez v. Amazon.com, Inc.*, 69 F.4th 1262, 1269 (11th Cir. 2023); *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009).

[3] Given the standard of review, these may not be the actual facts, or the facts for other purposes.

4

emailed Plaintiff a "revised" settlement agreement, which included a provision conditioning payment on Plaintiff providing a W-9 tax form. *Id.* at ¶¶ 5–5-c.[4] Plaintiff objected to this provision, but Chase insisted on it and made clear that it would not pay Plaintiff until he agreed to provide a W-9 form. *Id.* at ¶¶ 5-d–5-e, 8-b. After months of wrangling over the W-9, Webb was retained to represent Keller and Young; Webb reiterated that Plaintiff would not receive any settlement check until he agreed to the W-9 provision. *Id.* at ¶¶ 2-a, 6–6-a.

On March 19, 2025, one week after Webb entered the picture, Chase capitulated and sent the $3,000 settlement check to Webb, who delivered it to Plaintiff on April 2, 2025, despite Plaintiff never having delivered the W-9 form. *Id.* at ¶¶ 6-b–6-d. Plaintiff is black; Keller, Young, and Webb are white (and Chase is "controlled by" white persons). *Id.* at ¶¶ 1–1-c. The release agreement resolving the Arbitration is attached as Exhibit "C" to the Amended Complaint ("Agreement"). *See id.* at ¶ 3; Doc. 6-1 at 10–13.[5] It does not specify a time for payment but makes clear that payment is "subject to and conditioned upon Chase's receipt of this Release signed by [Plaintiff] and a current, properly executed IRS W-9 form signed by" Plaintiff. Doc. 6-1 at 10.

---

[4] Though the pleading describes the "revised" settlement agreement, it does not describe or attach any prior draft(s) of the agreement. *Id.* Although the pleading alleges Young had "made an oral agreement" to swiftly provide the settlement without mention of a W-9 form, the terms of such purported agreement are not disclosed. *Id.* In any event, the final signed Agreement includes a merger provision specifying that it contains the parties' entire agreement. *See* Doc. 6-1 at 11.

[5] The date Plaintiff signed the Agreement is not entirely legible, but it appears to have been in December 2024. *See* Doc. 6-1 at 13.

### III.    Applicable Law

Plaintiff alleges three claims: discrimination under 42 U.S.C. § 1982 ("§ 1982"), discrimination under 42 U.S.C. § 1981 ("§ 1981"), and retaliation under § 1981. Doc. 6 at 12–13.

To state a discrimination claim under either § 1981 or § 1982, a plaintiff must plausibly allege, among other things, that the defendant intentionally subjected the plaintiff to racial discrimination. *See Humphrey v. United Parcel Serv.*, 200 F. App'x 950, 952 (11th Cir. 2006) ("For a successful claim under § 1981, [the plaintiff] was required to demonstrate that [the defendants] intentionally discriminated against him because of his minority status with regard to certain enumerated activities. Similarly, for a § 1982 claim, [he] was required to demonstrate that he was deprived of his property interest because of an intentional act based on racial animus." (internal citations omitted)); *see also Woods v. Nat'l Ass'n of Realtors*, No. 5:26-cv-13-JSS-PRL, 2026 WL 445041, at *6 (M.D. Fla. Feb. 17, 2026). Under § 1981, a plaintiff must also allege that "the discrimination concerned one or more of the activities enumerated in" § 1981, which include the right "to make and enforce contracts[.]" *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1308 (11th Cir. 2010); *see also* 42 U.S.C. § 1981. Under § 1982, a plaintiff must also allege that the discrimination interfered with the plaintiff's rights or benefits connected with the ownership of his property. *See Woods*, 2026 WL 445041, at *6; *see also* 42 U.S.C. § 1982.  Thus, § 1981 and § 1982 are similar, with the former focusing on rights to make and enforce contracts and the latter on rights related to the ownership of property. *See CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 446 (2008);

*Woods*, 2026 WL 445041, at *6. "To state a retaliation claim under § 1981, a plaintiff must allege a defendant retaliated against him because the plaintiff engaged in statutorily protected activity. As with other statutory retaliation claims, such a claim under § 1981 requires that the protected activity involve the assertion of rights encompassed by the statute." *Jimenez*, 596 F.3d at 1311 (internal citations omitted).

### IV.   Discussion

Even liberally construed, the Amended Complaint fails to plausibly state a claim for relief. Plaintiff's allegations of discrimination and retaliation are wholly conclusory and insufficient. *See Iqbal*, 556 U.S. at 678; *Anthony*, 626 F.3d at 1321; *see also Jackson v. BellSouth Telecommunications,* 372 F.3d 1250, 1270–74 (11th Cir. 2004); *Woods*, 2026 WL 445041, at *6.

In addition, Plaintiff does not plausibly allege any statutorily protected conduct or interference with any contractual or property rights. Rather, as discussed, the crux of Plaintiff's Amended Complaint is that the payment of settlement proceeds was conditioned, at least for a time, on his providing a W-9 form. But the Agreement Plaintiff signed and attached to the Amended Complaint expressly conditions the settlement payment on his providing a W-9 form. That provision is valid and enforceable, and there is nothing improper about insisting on its inclusion in the Agreement and/or insisting on compliance with it as a condition to payment. *See Christopher v. Santander Consumer USA Inc.*, No. 3:23-cv-1608-JAH-DEB, 2025 WL 3251573, at *2 (S.D. Cal. Nov. 21, 2025) ("Defendant's request for Plaintiff's W-9 tax form is not frivolous or harassing, but instead clearly <u>reasonable</u>. Plaintiff is incorrect

7

in his argument that Defendant has violated law, or engaged in 'bad faith and unmerited requests' when the Defendant requires Plaintiff to provide his W-9 tax form as a condition of settlement."); *see also Ramos v. Dep't of Corr.*, No. 3:15-cv-1444-VAB, 2018 WL 1368905, at *4 (D. Conn. Mar. 16, 2018); *Watson v. Bank of Am. Corp.*, No. 13-cv-81137, 2015 WL 5011947, at *5 (S.D. Fla. Aug. 21, 2015), *report and recommendation adopted*, 2015 WL 13776954 (S.D. Fla. Sept. 22, 2015).[6]

The factual allegations in the Amended Complaint are similar to those in the Complaint. As such, the analysis herein has largely tracked that of the Prior Order, and the pleading is similarly deficient. *See generally* Doc. 4.[7] A few further points merit brief discussion.

First, that Plaintiff has now increased in number and/or emphasized his conclusory allegations of discrimination does not advance his claims. *See generally* Doc. 6. Regardless of number or typeface, conclusory allegations (of discrimination or otherwise) are insufficient to plausibly state a claim for relief. *See Iqbal*, 556 U.S. at 678; *Omegle.com LLC*, 122 F.4th at 1270–71; *Doe*, 29 F.4th at 685–88; *see also Mondy v. Boulee*, 805 F. App'x 939, 942 (11th Cir. 2020); *Woods*, 2026 WL 445041, at *6.

---

[6] Indeed, such provisions are routine and flow from federal tax requirements; even where they are not expressly included in an agreement, courts may in certain circumstances imply such a provision. *See Floyd v. Saber Fitness Hegenberger, LLC*, No. 24-cv-1278-TSH, 2026 WL 523406, at *1 (N.D. Cal. Feb. 25, 2026).

[7] Plaintiff objected to the Prior Order but nevertheless filed the Amended Complaint that was directed in the Prior Order, rendering the objections moot. *See* Docs. 5–7. The Prior Order is not cited directly for its substantive analysis but rather its reflection of Plaintiff's notice of, and opportunity to amend his pleading to address, the pleading deficiencies prior to dismissal.

Second, noting the instructions on the W-9 form and a footnote in the Prior Order, Plaintiff appears to assert that Chase could have complied with applicable law by making the settlement payment to him subject to a 24% backup withholding in lieu of requiring a completed W-9 form. *See* Doc. 6, Amended Statement of Facts, at ¶ 2-d–2-h, 2-j–2-k, 8-e; *see also* Doc. 4 at 7 n.7 (discussing authority that in certain circumstances absent a completed W-9 form a payment made subject to backup withholding may be deemed compliant). Perhaps—but even if Chase *could have* complied with applicable law in more than one way, insistence on a particular method of compliance would not be unlawful (let alone discriminatorily so).

Finally, Plaintiff appears to theorize that Chase never required the W-9 form because it ultimately capitulated (after a new lawyer had to be brought in) and paid Plaintiff the full settlement amount despite his refusing to ever provide the form. *See* Doc. 6, Amended Statement of Facts, at ¶ 6-d. But, even putting aside the absence of plausible allegations of *discrimination*, such a theory, if anything, further undermines Plaintiff's claims. The plain language of the Agreement conditioned payment to Plaintiff on his providing a completed W-9 form. *See* Doc. 6-1 at 10. As discussed, such a provision is valid. *See Christopher*, 2025 WL 3251573, at *2; *see also Ramos*, 2018 WL 1368905, at *4; *Watson*, 2015 WL 5011947, at *5. So Plaintiff's rights were not impaired during any period in which Chase (or the lawyers acting at its direction) insisted on inclusion or enforcement of that provision. Nor were they impaired if Chase (or the lawyers acting at its direction) eventually capitulated and waived the contractual provision or made a gratuitous payment to which Plaintiff was not

9

contractually entitled.

### V.    Conclusion

For the foregoing reasons, despite notice of and the opportunity to amend to attempt to cure pleading deficiencies outlined in detail in the Prior Order, Plaintiff's Amended Complaint is deficient. His allegations of discrimination and retaliation are wholly conclusory, and his theory of impaired rights is inconsistent with the Agreement he signed and applicable law. Thus, the undersigned recommends that this case be dismissed with prejudice.[8] Accordingly, it is respectfully **recommended** that:

1.    This case be **dismissed with prejudice**.

---

[8] Before dismissing claims with prejudice, a *pro se* party must be afforded at least one chance to amend his pleading if a more carefully drafted complaint might state a claim. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018). Here, as discussed, Plaintiff had detailed notice of the pleading deficiencies and a full opportunity to amend and address them, which he attempted to do in an amended pleading. *See* Docs. 4, 6. As such, dismissal with prejudice is warranted. *See Woldeab*, 885 F.3d at 1291–92; *see also Gurrera v. Palm Beach Cnty. Sheriff's Off.*, 657 F. App'x 886, 894 n.5 (11th Cir. 2016) ("Our precedent does not require affording *pro se* plaintiffs multiple opportunities to amend."); *Bradley v. Baker*, No. 6:23-cv-2281-CEM-RMN, 2024 WL 5671528, at *1 (M.D. Fla. Apr. 29, 2024) (dismissing amended pleading with prejudice and explaining that "the Eleventh Circuit 'case law does not require a district court to give a *pro se* litigant multiple opportunities to amend'" (citation omitted)). To be sure, that a *pro se* party must be afforded *at least one* chance to amend his pleading if a more carefully drafted complaint might state a claim does not foreclose the possibility that, in certain circumstances, "an extra dose of grace" and additional opportunity to amend may be appropriate. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132–33 (11th Cir. 2019); *see also Gurrera*, 657 F. App'x at 894 n.5 (affirming dismissal with prejudice of second amended complaint and noting the plaintiff's two prior opportunities at amendment). But further leave to amend is neither necessary nor appropriate here. To the contrary, even a *pro se* party need not receive any opportunity to amend, much less multiple opportunities, where amendment would be futile. *See Silberman*, 927 F.3d at 1132–33; *Muhammad v. JPMorgan Chase Bank, NA*, 567 F. App'x 851, 853–55 (11th Cir. 2014). And, for the reasons in the Prior Order and herein, and given the plain language of the Agreement, which expressly conditioned payment of any settlement to Plaintiff on his providing a W-9 form, it is apparent that further amendment would be futile. For this additional reason, dismissal with prejudice is warranted.

2.     The Clerk of Court be directed to terminate any pending motions and close the file.

### Notice

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.*

A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation ... waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on June 8, 2026.

Samuel J. Horovitz
United States Magistrate Judge

11

Copies to:

The Honorable Marica Morales Howard

*Pro Se* Plaintiff