## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

STEVEN MCBRIDE,

       Plaintiff,

vs.                                Case No.  3:26-cv-801-MMH-SJH

J.P. MORGAN CHASE, et al.,

       Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 8; Report), entered by the Honorable Samuel J. Horovitz, United States Magistrate Judge, on June 8, 2026.  In the Report, the Magistrate Judge recommends that this case be dismissed with prejudice.  See Report at 2, 10.  Plaintiff filed objections to the Report on June 18, 2026.  See 2nd Objection to Magistrate Order Dated: June 8th 2026 (Dkt. No. 9; Objections).[1]  The matter is ripe for the Court's review.

---

[1] In 1990, the United States Congress intentionally, and after much consideration, changed the title of each United States magistrate to "United States magistrate judge."  See Judicial Improvements Act of 1990, Pub. L. No. 101-650 § 321 (1990) ("After the enactment of this Act, each United States magistrate appointed under § 636 of Title 28 United States Code, shall be known as a United States magistrate judge...."); see also Ruth Dapper, A Judge by any Other Name? Mistitling of United States Magistrate Judges, 9 Fed. Cts. L. Rev. 1, 5 (Fall 2015).  As such, the parties should refer to a magistrate judge as "Judge _____" or the "Magistrate    Judge."  See Koutrakos v. Astrue, 906 F. Supp. 2d 30, 31 n.1 (D. Conn. 2012) (pointing out the proper way to refer to a United States magistrate judge).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[2] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice.  See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

It is evident from a review of the Objections that McBride strongly disagrees with the Magistrate Judge's analysis of his Amended Complaint for

---

[2] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so.  See Report at 11.

-2-

a Civil Case (Dkt. No. 6; Amended Complaint). Unfortunately, McBride's arguments in the Objections are simply lacking in merit. He identifies no legal or factual error in the Magistrate Judge's analysis. As such, Plaintiff's Objections are due to be overruled, and the Court will adopt the Report as the Court's opinion.

In light of the foregoing, it is hereby

**ORDERED:**

1. Plaintiff's 2nd Objection to Magistrate Order Dated: June 8th 2026 (Dkt. No. 9) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Dkt. No. 8) is **ADOPTED** as the opinion of the Court.

3. This case is **DISMISSED with prejudice**.

4. The Clerk of Court is directed to enter judgment dismissing this case, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 7th day of July, 2026.

MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record
Pro Se Party